WALTER M. VAN AUSDALL *vs.* THOMPSON & THOMPSON, INC.

ANNIE E. VOGEL *vs.* SAME.

DECEMBER 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   These actions in assumpsit, tried together by agreement, were heard by a justice of the Superior Court sitting without a jury.   A decision for the defendant in each case was rendered and the cases are in this court on each plaintiff's exceptions.   While the cases have some features in common, there are fundamental differences between them and they will, therefore, be separately considered.

In the case of Walter M. Van Ausdall it appears that on April 1, 1920, Henry L. Thompson and Fred D. Thompson, who between them owned the entire capital stock of the defendant corporation, entered into an agreement with the plaintiff wherein it was agreed that he was to give his time, skill and diligence to the affairs of the defendant corporation; that, in addition to his regular salary he was to receive a bonus of one-quarter of the yearly net profits of the corporation which were to be determined "by the usual methods used in bookkeeping."   With his share of the profits the plaintiff was to purchase from time to time shares of stock

owned by Henry and Fred D. Thompson until he had acquired all of said stock.

The plaintiff at various times made loans to the defendant aggregating $13,662 which have been reduced to $3,925, which amount was carried on the books of the defendant as due the plaintiff. On the death of Henry Thompson in 1922, the plaintiff, who previous to that time was general manager, secretary and bookkeeper of the defendant corporation, became its treasurer.

On January 31, 1925, the plaintiff in his own handwriting made entries on the books of the defendant which transferred the amount due him to a so-called suspense account. On January 30, 1926, he made further entries, the effect of which, as a matter of bookkeeping, was to cancel defendant's indebtedness to plaintiff in the amount of $9,113.98. Included in this entry was the item of $3,925 which he now seeks to recover. The income tax return of the defendant for the year ending January 31, 1926, was signed and sworn to by the plaintiff as treasurer. In said return under the heading "other income" appears the following: "Notes payable, forgiven or cancelled, $9,113.98."

The plaintiff's action is on a promissory note dated August 3, 1927 for $11,820.60. The consideration for this note, it is alleged, is $3,925, the balance due on money loaned to the defendant, $4,775.25 alleged to be due the plaintiff as his share of the profits under the agreement above referred to, and interest thereon. The note in suit was signed by plaintiff as treasurer of the defendant and is payable to his order. It was never entered on the books as a liability and its existence was unknown to Fred D. Thompson, owner of the majority of the stock of the defendant, until suit was brought thereon.

Plaintiff contends that this note is a valid obligation of the defendant because as its treasurer he was authorized under the by-laws to issue it. The by-laws provide that the treasurer has authority to "sign or indorse all checks, notes, drafts or acceptances . . ." But this provision

must be read in connection with another provision of the by-laws which provides that: "The name of the corporation shall never be given or signed, or its credit pledged for any purpose whatever except the usual and customary business of the corporation, unless authorized by a vote of the stockholders." Clearly the attempt by means of a promissory note to revive an obligation which on the books ·of the defendant was cancelled was not in the usual course of business. The fact that it was never entered on the books of the defendant by the plaintiff is convincing evidence that it was not even in his mind a transaction which arose in the usual course of business. We are therefore of the opinion that plaintiff cannot recover on the note in suit.

Can he recover on the common counts of his declaration? As to the item of $3,925 which it is admitted was entered on the books of the defendant by the plaintiff as cancelled, he now says in effect that he did not intend to cancel this obligation but only to suspend it as he was doubtful that he would be able to collect it. This explanation is not convincing. Whatever his reason for cancelling the obligation on the books of the defendant and making oath to that effect in its income tax return, it is indisputably the fact that he did, without reservation, declare that the obligation was cancelled and he cannot now be heard to say that it was not his intention to do what he unequivocally did.

As to the item of $4,775.25, which the plaintiff claims as his share of the profits under said agreement, the trial justice found that the plaintiff presented no satisfactory evidence that the alleged profits were determined by the usual methods used in bookkeeping.

An accountant testified in behalf of the defendant that a fallacious method of determining profits as shown by the books was employed. This testimony was not contradicted and it does not appear from the record what profits, if any, the operations of the defendant would have shown if a proper method of determining the same had been followed. We agree with the trial justice that the plaintiff has failed to sustain the burden of proof in this respect.

In this case the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

The case of Annie E. Vogel, who deceased since the commencement of suit, is also based on a promissory note. She was a sister of the plaintiff in the preceding action and through her brother loaned, on February 28, 1922, $5,000 to the defendant for which a promissory note was given. The note in suit is dated October 28, 1927. The defendant contends that in 1924 payments to the amount of $3,000 were made on the original indebtedness and that the balance of $2,000 was a part of the sum of $9,113.98 cancelled by Van Ausdall. The defendant offered no evidence that Van Ausdall had authority to cancel his sister's note. He denies that he had such authority. According to the books of the defendant, $3,000 of its indebtedness to the plaintiff was discharged by transferring to her bills receivable indorsed by the defendant. The balance of $2,000 was carried as a note payable which it is alleged was later cancelled by Van Ausdall. It does not appear under what circumstances the said bills receivable were given to the plaintiff or that she accepted the same as partial payment of her note. It does not appear that a note for $2,000 was received by her or that the bills receivable were ever paid. After the alleged payment of $3,000 and the cancellation on the books of the defendant of the balance of $2,000, the defendant paid the plaintiff $100 for interest but for what period does not appear.

We are of the opinion that due consideration was not given by the trial justice to all the facts and circumstances of this case and that his decision for the defendant was not warranted by the evidence before him.

The plaintiff's exceptions in this case are sustained and the case is remitted to the Superior Court for a new trial.

*Quinn, Kernan & Quinn, Michael DeCiantis,* for plaintiffs.

*Ralph M. Greenlaw,* for defendant.